Filed 2/28/24  P. v. Cabezas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B331803 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA106280) |
| v. | |
| ANTHONY CABEZAS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Anthony Cabezas appeals his judgment of conviction of felon in possession of a firearm.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On December 21, 2023, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

Defendant was charged with felon in possession of a firearm in violation of Penal Code section 29800, subdivision (a)(1) (count 1) and with felon in possession of a concealed firearm in a vehicle in violation of section 25400, subdivision (a)(1) (count 2). At the time of the preliminary hearing he brought a motion to suppress evidence pursuant to section 1538.5. Defense counsel argued law enforcement officers exceeded the scope of the search warrant executed at an illegally operated marijuana dispensary. In addition to the interior of the dispensary and other areas, the warrant commanded the search of "[a]ny and all vehicle(s) at the location that can be determined to be directly involved in the sale, purchase, or possession for sale of cannabis." A Los Angeles County Sheriff's Department detective testified to being present with others during the execution of the warrant. Defendant was exiting the lobby of the dispensary when they entered. One of the other detectives found a key fob on a small shelf in the lobby. The fob located an SUV in the parking lot of the dispensary. The SUV was searched and an unregistered, loaded .45-caliber semiautomatic firearm was found behind a door panel. Defendant's driver's license was also found in the vehicle. After receiving and waiving *Miranda* advisements,[1] defendant admitted the SUV belonged to his mother and that he was at the location to buy marijuana at the (apparently) legally registered dispensary next door.

Defense counsel argued the officers' observations were insufficient to support a finding that defendant was directly involved in the sale or purchase of marijuana at the dispensary. After hearing the argument of both counsel, the trial court denied

---

[1] See *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445.

the motion to suppress evidence.  After the trial court denied the motion, defendant entered a plea agreement on May 3, 2023. Pursuant to the agreement defendant pled no contest to count 1 and admitted prior felony convictions, count 2 was dismissed, and the trial court placed him on formal probation for two years, with several stated conditions.  Defendant filed a timely notice of appeal challenging his plea based upon the denial of his motion to suppress.  The trial court issued a certificate of probable cause.

We have examined the entire record and are satisfied defendant's appellate counsel has complied with his responsibilities and that no arguable issue exists.  We conclude defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

_____

LUI, P. J.  ASHMANN-GERST, J.  CHAVEZ, J.